UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHELDON SMITH,<br><br>             Plaintiff,<br><br>        v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>             Defendant. | Case No.  16-cv-04653-BLF<br><br>**ORDER GRANTING DEFENDANT EXPERIAN'S MOTION TO DISMISS FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>[RE:  ECF 36] |

Plaintiff Sheldon Smith sues Defendant Experian Information Solutions, Inc. ("Experian") for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681.  Experian moves to dismiss Plaintiff's first amended complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.  For reasons discussed below, the motion is GRANTED WITH LEAVE TO AMEND.

**I.     BACKGROUND**[1]

Plaintiff filed for Chapter 13 bankruptcy protection on March 20, 2015, and his plan was confirmed on October 14, 2015.  FAC ¶¶ 93, 97, ECF 25.  On March 3, 2016, Plaintiff "ordered a three bureau report from Experian Information Solutions, Inc. to ensure proper reporting by Plaintiff's creditors."  *Id.* ¶ 98.  He alleges that this report ("March 2016 Credit Report") included eight different tradelines containing inaccurate, misleading, or incomplete information.  *Id.* ¶ 99.  Plaintiff neither attaches a copy of the March 2016 Credit Report nor provides specifics regarding the alleged inaccuracies contained therein.  *Id.*  He asserts only that "multiple trade lines continued to report Plaintiff's accounts with past due balances, inaccurate balances, in collections, and/or charged off.  Some accounts even failed to register that Plaintiff was making payments on the

---

[1] Plaintiff's factual allegations are accepted as true for purposes of the motion to dismiss.  *See Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).

1  account through Plaintiff's Chapter 13 plan." *Id.*

2  Plaintiff disputed the inaccurate tradelines via certified mail sent to three different credit
3  reporting agencies ("CRAs"), Experian, Equifax, Inc., and TransUnion, LLC on May 3, 2016. *Id.*
4  ¶ 100. Each CRA received Plaintiff's dispute letter and in turn notified the entities that had
5  furnished the disputed information ("furnishers") by means of automated credit dispute
6  verifications ("ACDVs"). *Id.* ¶ 102.

7  Plaintiff ordered a second three bureau report from Equifax, Inc. on June 8, 2016 ("June
8  2016 Credit Report"). *Id.* ¶ 103. Plaintiff alleges that "Plaintiff's credit score was well below
9  what accurate credit reporting industry standards would project." *Id.* ¶ 104. Plaintiff also alleges
10 that three furnishers, Alliant Credit Union, Stellar Recovery, Inc. and Continental Credit Control,
11 reported his accounts inconsistently with industry standards. *Id.* ¶ 105-107. For example, Alliant
12 Credit Union reported Plaintiff's account as "in collections" and "charged off," despite "the Court
13 [o]rdered treatment of its claim under the terms of Plaintiff's Chapter 13 plan of reorganization."
14 *Id.* ¶ 105.

15 Plaintiff filed this action on August 12, 2016, asserting violations of the FCRA and
16 CCRAA against the three above-mentioned furnishers and two CRAs, Experian and TransUnion,
17 LLC. Compl., ECF 1. All Defendants except Experian since have been dismissed. Experian now
18 moves to dismiss the FAC.

19 **II.    LEGAL STANDARD**

20 "A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a
21 claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation*
22 *Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d
23 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts
24 as true all well-pled factual allegations and construes them in the light most favorable to the
25 plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the
26 Court need not "accept as true allegations that contradict matters properly subject to judicial
27 notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or
28 unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008)

(internal quotation marks and citations omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III. DISCUSSION

The FAC contains two claims, one for violation of the FCRA (Claim 1) and the other for violation of the CCRAA (Claim 2). Although the label of the CCRAA claim indicates that it is asserted against "Defendants," it is clear from the body of the FAC that the CCRAA claim is not asserted against Experian. FAC ¶¶ 135-144. Accordingly, this order addresses only the FCRA claim.

Plaintiff's FCRA claim against Experian is subheaded "Failure to Reinvestigate Disputed Information." *Id*. ¶¶ 119-120. Plaintiff alleges that after he "disputed the accounts mentioned above" – which the Court takes to mean the eight tradelines in the March 2016 Credit Report referenced earlier in the FAC – Experian was required to conduct a reasonable investigation and to delete any information that was not accurate under 15 U.S.C. 1681i-(a)(1). *Id.* ¶ 121. Plaintiff claims that Experian and other CRAs were required to "send all relevant information via an ACDV to the furnishers which they did not do." *Id.* ¶ 122. Plaintiff alleges generally that Experian "failed to conduct a reasonable investigation and failed to correct the misleading and or inaccurate statements." *Id.* ¶ 123. Plaintiff further alleges that "[i]n the alternative . . . each CRA has its own independent duty to conduct a reasonable investigation" and actively "suppress inaccurate information" reported by furnishers. *Id*. ¶¶ 124, 125, 127. Plaintiff alleges that a CRA would have known that Plaintiff had filed a Chapter 13 bankruptcy petition and that Plaintiff's plan had been confirmed based on multiple accounts on the report. *Id.* ¶ 130, 131. Plaintiff also alleges that a CRA would have known that "failure to report a CII given that a Chapter 13 was filed" and "reporting a past due balance post confirmation" do not comport with industry standards. *Id.* ¶¶ 132-133.

Experian moves to dismiss the FCRA claim on three grounds. First, Experian asserts that

1  Plaintiff has not alleged facts showing that Experian's credit reporting was inaccurate.  Second,
2  Experian argues that Plaintiff has not alleged facts showing an entitlement to damages under the
3  FCRA.  And third, Experian asserts that Plaintiff has not alleged any facts showing that Experian's
4  response to his dispute letter was improper.

### A.   Inaccuracy

Experian argues that Plaintiff's claim fails because he has not alleged facts showing that Experian's credit reporting was inaccurate.  If a consumer disputes "the completeness or accuracy of any item of information," a CRA must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item." 15 U.S.C. § 1681i(a)(1).  In addition, the CRA must provide notification of the dispute to the furnisher of the information.  15 U.S.C. § 1681i(a)(2).

The Ninth Circuit has observed that "[a]lthough the FCRA's reinvestigation provision, 15 U.S.C. § 1681i, does not on its face require that an actual inaccuracy exist for a plaintiff to state a claim, many courts, including our own, have imposed such a requirement." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010).[2]  "Thus, even if a . . . CRA fails to conduct a reasonable investigation or otherwise fails to fulfill its obligations under the FCRA, if a plaintiff cannot establish that a credit report contained an actual inaccuracy, then the plaintiff's claims fail as a matter of law." *Doster v. Experian Info. Sols., Inc.*, No. 16-CV-04629-LHK, 2017 WL 264401, at *3 (N.D. Cal. Jan. 20, 2017) (internal quotation marks and citation omitted).

In *Carvalho*, the Ninth Circuit noted that it previously had "explained that an item on a credit report can be 'incomplete or inaccurate' within the meaning of the FCRA's furnisher investigation provision, 15 U.S.C. § 1681s-2(b)(1)(D), 'because it is patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect

---

[2] *Carvalho* involved claims asserted under the CCRAA, not the FCRA.  *See Carvalho*, 629 F.3d at 881.  However, in discussing the scope of the CCRAA, the Ninth Circuit drew heavily on cases construing the FCRA, *see id.* at 889-91, and numerous courts have relied on *Carvalho*'s explication of FCRA requirements when addressing FCRA claims, *see, e.g., Artus v. Experian Info. Sols., Inc.*, No. 5:16-CV-03322-EJD, 2017 WL 346022, at *3 (N.D. Cal. Jan. 24, 2017); *Jaras v. Experian Info. Sols., Inc.*, No. 16-CV-03336-LHK, 2016 WL 7337540, at *4 (N.D. Cal. Dec. 19, 2016).

4

credit decisions.'" *Carvalho*, 629 F.3d at 890 (quoting *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (2009)). The Ninth Circuit went on to affirm "'the maxim of statutory construction that similar terms appearing in different sections of a statute should receive the same interpretation,'" *id*. (quoting *United States v. Nordbrock*, 38 F.3d 440, 444 (9th Cir. 1994)), and to cite with approval a First Circuit case, *Chiang*, which the Ninth Circuit summarized as "deeming the term 'inaccurate' in section 1681i(a) to be 'essentially the same' as the term 'incomplete or inaccurate' in section 1681s-2(b)," *id.* (citing *Chiang v. Verizon New Eng. Inc.*, 595 F.3d 26, 37 (1st Cir. 2010)). Relying on *Carvalho*, district courts have "applied this 'patently incorrect or materially misleading' standard to claims arising under various provisions of the FCRA that involve the accuracy of information." *Prianto v. Experian Info. Sols., Inc.*, No. 13-CV-03461-TEH, 2014 WL 3381578, at *3 (N.D. Cal. July 10, 2014). In particular, courts in this district have applied the "patently incorrect or materially misleading" standard to the inaccuracy requirement under § 1681i. *See, e.g., Banneck v. HSBC Bank USA, N.A.*, No. 15-cv-02250-HSG, 2016 WL 3383960, at *6 (N.D. Cal. June 20, 2016); *Prianto*, 2014 WL 3381578, at *3.

Plaintiff argues that he has alleged inaccuracies in his credit reports under the above standards. The Court disagrees based upon the following pleading deficiencies.

### 1. Allegations Regarding Three Bureau Reports

Perhaps the most obvious deficiency in Plaintiff's allegations against Experian is his failure to allege that the claimed inaccuracies in two different "three bureau report[s]" were reported by *Experian* rather than one of the other CRAs. FAC ¶¶ 98-103. Plaintiff alleges that after his Chapter 13 plan was confirmed, he ordered the March 2016 Credit Report and discovered that "multiple trade lines continued to report Plaintiff's accounts with past due balances, inaccurate balances, in collections, and/or charged off. Some accounts even failed to register that Plaintiff was making payments on the account through Plaintiff's Chapter 13 plan." *Id*. ¶¶ 97-99. These allegations neither identify Experian as the reporting entity nor identify any past due balances or other tradelines in the March 2016 Credit Report that were inaccurate.

Plaintiff argues that the requisite specificity is provided in his allegations regarding the June 2016 Credit Report. Deficiencies in the allegations regarding the contents of the March 2016

5

Credit Report – the report that Experian allegedly failed to reinvestigate upon receipt of Plaintiff's dispute letter – cannot be cured by allegations regarding the later June 2016 Credit Report. Moreover, Plaintiff does not allege that the asserted inaccuracies in the June 2016 Credit Report were reported by Experian rather than another CRA. *Id*. ¶¶ 105-107.

In order to make out an FCRA claim against Experian, Plaintiff must allege with specificity that Experian reported one or more items of information that were patently incorrect or materially misleading. Other courts in this district have dismissed FCRA claims based upon alleged inaccuracies in three bureau reports where no specificity is provided as to which CRA reported the inaccuracies in question. *See, e.g., Doster*, 2017 WL 264401, at *6 ("Plaintiff's FAC makes only general and unspecified allegations that her credit report, which was a three-bureau credit report, contained inaccuracies and that the CRAs reported misleading and inaccurate information, but the FAC does not allege any conduct that is specific to Experian.").

Accordingly, the allegations of the FAC are insufficient to make out a claim of inaccurate reporting by Experian.

### 2. Reporting After Confirmation of Chapter 13 Plan

More fundamentally, to the extent that Plaintiff claims that it was inaccurate for Experian to report delinquencies or past due balances after plan confirmation, that theory of liability has been rejected by courts in this district and other districts within the Ninth Circuit. *See, e.g., Artus v. Experian Info. Sols., Inc.*, No. 5:16-CV-03322-EJD, 2017 WL 346022, at *5 (N.D. Cal. Jan. 24, 2017) (collecting cases); *Doster*, 2017 WL 264401, at *6 ("[A]s a matter of law it is not misleading or inaccurate to report a delinquent debt during the pendency of a bankruptcy."); *Polvorosa v. Allied Collection Serv., Inc.*, No. Case No. 2:16–CV–1508 JCM (CWH), 2017 WL 29331, at *3 (D. Nev. Jan. 3, 2017) ("[R]eporting delinquencies during the pendency of a bankruptcy or during a bankruptcy's automatic stay is not itself a violation of the FCRA.").

Plaintiff argues that these decisions fail to recognize that a bankruptcy court's order confirming a Chapter 13 plan constitutes a binding final judgment regarding the rights and liabilities of the debtor and his or her creditors. Pl.'s Opp. at 7, EFC 39. According to Plaintiff, because a confirmed plan modifies the original debts, any post-confirmation reporting of pre-

6

1    confirmation delinquencies or balances is inaccurate. *Id.* 7-8.

2    It is true that "[t]he provisions of a confirmed plan bind the debtor and each creditor." 11

3    U.S.C. § 1327(a).  Thus a creditor seeking payment on a debt is entitled only to those payments

4    provided for under the plan, and "any issue decided under a plan is entitled to *res judicata* effect."

5    *In re Blendheim*, 803 F.3d 477, 486 (9th Cir. 2015).  However, the Court declines to make the

6    logical leap urged by Plaintiff that these authorities, governing the relationships between parties to

7    a bankruptcy action, make it a violation of the FCRA to report a historically accurate pre-

8    confirmation debt or delinquency.  Regardless of how the rights and obligations of the parties to a

9    bankruptcy are modified by a Chapter 13 plan, the original debt did exist prior to confirmation and

10   Plaintiff has cited no authority suggesting that bankruptcy proceedings "erase" that historical fact

11   for purposes of the FCRA.

12   Plaintiff's reliance on *In re Luedtke*, No. 02-35082-svk, 2008 WL 2952530 (Bankr. E.D.

13   Wis. July 31, 2008), is misplaced.  In *Luedtke*, the bankruptcy court concluded that a creditor

14   whose claim was modified by a Chapter 13 confirmation order had violated that order by

15   continuing to report the original debt to CRAs.  *Id.* at *6.  The court suggested that in addition to

16   seeking sanctions for violation of the confirmed plan, the debtor also could have sought relief

17   under the FCRA.  *Id.*  In making that suggestion, the bankruptcy court appeared to assume that the

18   creditor's reporting of the original debt would have constituted an inaccuracy under the FCRA.

19   *Id.* at *5.  That view, expressed in *dicta* by a bankruptcy court outside the Ninth Circuit almost a

20   decade ago, has not been adopted by the courts in this district.  In fact, it appears that *Luedtke*

21   been cited by only one other court, which found the decision to be irrelevant to its determination

22   whether the plaintiff had pleaded a viable FCRA claim.  *See Wylie v. TransUnion, LLC*, No. 3:16-

23   CV-102, 2017 WL 835205, at *5 n.6 (W.D. Pa. Mar. 2, 2017) ("[T]he question before the Court is

24   whether Defendants reported accurate information, not whether Defendant violated the bankruptcy

25   code.") (internal quotation marks and citation omitted).

26   Moreover, with respect to the many debtors who fail to make all required plan payments,

27   the original debt terms ultimately are reinstated.  *See Blendheim*, 803 F.3d at 487.  Indeed,

28   historically accurate debts may be reported even after discharge, so long as the credit report

indicates that the debts were discharged in bankruptcy. *See Mortimer v. Bank of Am., N.A.*, No. C-12-01959 JCS, 2013 WL 1501452, *9-11 (N.D. Cal. Apr. 10, 2013) (furnisher's reporting that the debt had been delinquent during the pendency of the bankruptcy was historically accurate and thus not actionable under the FCRA where report also indicated that the debt had been discharged in bankruptcy).

Plaintiff's counsel argued at the hearing that allowing reporting of pre-confirmation delinquencies or balances after a Chapter 13 plan has been confirmed will deprive debtors of significant benefits that they expect to obtain through Chapter 13 bankruptcy. That issue is one for Congress to resolve, not this Court. The Court's task in evaluating Plaintiff's FAC is to determine whether the facts alleged therein make out a plausible claim that Experian' credit reporting was inaccurate. The Court simply is not persuaded that the reporting of a delinquency or past due balance after plan confirmation is per se inaccurate under the FCRA.

However, there appears to be an open question whether such reporting could satisfy the inaccuracy requirement if unaccompanied by any indication that the consumer is in bankruptcy. *See Devincenzi v. Experian Info. Sols., Inc.*, No. 16-CV-04628-LHK, 2017 WL 86131, at *7 (N.D. Cal. Jan. 10, 2017) (declining to decide whether allegations that the "credit report contained no indication at all that the debts were the subject of a pending bankruptcy . . . would be sufficient to state a claim" but granting plaintiff leave to attempt to assert FCRA claim based on that theory). It is this Court's view that it may well be possible for a plaintiff to allege facts showing that the reporting of a pre-confirmation delinquency is materially misleading absent any reference to a pending Chapter 13 bankruptcy, at least where a confirmed plan governs the timing and amounts of post-confirmation payments on the debt. Plaintiff, however, has not alleged whether or not the reports in question contained information regarding his bankruptcy.

### 3. Metro 2 Format

In addition to his theory of FCRA liability based on the effect of plan confirmation, Plaintiff asserts a related theory based on industry standards regarding credit reporting. He devotes 35 of the FAC's 144 paragraphs to a tutorial on industry standards and in particular the "Metro 2 format" adopted by the Consumer Data Industry Association ("CDIA"). *See* FAC ¶¶ 37-

1  71. According to Plaintiff, "Metro 2 provides instruction on what updates must be made when a
2  bankruptcy is filed," and deviation from the Metro 2 format is inaccurate or misleading. *See* Pl.'s
3  Opp. at 3, ECF 39. The Ninth Circuit has not spoken on the effect of the Metro 2 format, if any,
4  on the obligations of CRAs and furnishers under the FCRA. However, district courts within the
5  Ninth Circuit overwhelmingly have held that a violation of industry standards is insufficient,
6  without more, to state a claim for violation of the FCRA. *See, e.g., Doster*, 2017 WL 264401, at
7  *5 (collecting cases); *Mestayer v. Experian Info. Sols., Inc.*, No. 15-CV-03645-EMC, 2016 WL
8  7188015, at *3 (N.D. Cal. Dec. 12, 2016).

The out-of-district cases cited by Plaintiff do not persuade this Court to take a contrary view. In *Dreher v. Experian Info. Sols., Inc.*, No. 3:11-CV-00624-JAG, 2013 WL 2389878, at *7 (E.D. Va. May 30, 2013), the district court held that industry standards could be considered at the summary judgment stage as part of the totality of evidence regarding the reasonableness of Experian's failure to identify the main source of disputed information. That ruling does not advance Plaintiff's argument that deviation from Metro 2 constitutes a per se inaccuracy under the FCRA. In *Nissou-Rabban v. Capital One Bank (USA), N.A.*, No. 15CV1675 JLS (DHB), 2016 WL 4508241, at *5 (S.D. Cal. June 6, 2016), the district court held that the plaintiff had alleged a claim under the FCRA where she alleged that Metro 2 was Synchrony's chosen method of reporting and that Synchrony's deviation from Metro 2 might be misleading to such an extent as to affect credit decisions. Courts in this district have found such allegations to be insufficient. *See, e.g., Mestayer*, 2016 WL 7188015, at *3 (credit report that deviated from Metro 2 was not misleading where report disclosed bankruptcy); *see also Doster*, 2017 WL 264401, at *5 (collecting cases). This Court finds the latter decisions to be better reasoned and therefore concludes that allegations that a credit report deviated from the Metro 2 format is insufficient, without more, to state a claim under the FCRA.

The Court does not mean to suggest that Metro 2 is wholly irrelevant to the evaluation of a claim asserted under the FCRA. It may be that allegations of deviations from the Metro 2 format could bolster other allegations of inaccuracy or be relevant to allegations of negligence on the part of the reporting entity. However, Plaintiff's reliance on Metro 2 as an independent source of

liability under the FCRA is unavailing.

### B. Damages

In addition to arguing that Plaintiff has failed to allege facts sufficient to show actual inaccuracy in reporting, Experian asserts that Plaintiff has failed to allege facts sufficient to entitle him to recovery of damages. The FCRA creates a private right of action for willful or negligent noncompliance with § 1681i. 15 U.S.C. §§ 1681n & o; *Gorman*, 584 F.3d at 1154. If a failure to comply with § 1681i is willful, the plaintiff may recover either actual damages or statutory damages between $100 and $1,000, as well as any appropriate punitive damages. 15 U.S.C. § 1681n(a). If a failure to comply with § 1681i is negligent, the plaintiff is limited to recovery of "any actual damages sustained by the consumer as a result of the failure." 15 U.S.C. § 1681o(a)(1). Experian contends that Plaintiff has not alleged facts showing entitlement to recovery under either theory.

#### 1. Willfulness

A defendant acts "willfully" for purposes of the FCRA if the defendant knowingly or recklessly disregards its statutory duties. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57-58 (2007). "[A] company subject to FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Id.* at 69. Thus a plaintiff seeking to recover damages under a willfulness theory "must allege, at a minimum, that the defendant's reading of the FCRA is 'objectively unreasonable.'" *Kirchner v. Shred-it USA Inc.*, No. 2:14-1437 WBS, 2014 WL 6685210, at *1 (E.D. Cal. Nov. 25, 2014) (quoting *Safeco*, 551 U.S. at 69).

As discussed above, Plaintiff has not sufficiently alleged that Experian's reporting contained an actual inaccuracy. Even had he done so, he has not alleged any facts showing that such inaccuracy was the result of Experian's knowing or reckless disregard of its statutory duties. Plaintiff argues in his opposition that Experian recklessly disregarded its statutory duties by failing to reinvestigate Plaintiff's dispute or correct the alleged inaccuracies as prescribed by industry standards, when it knew that the disputed report deviated from Metro 2. Pl.'s Opp. at 10-11, ECF

10

39. However, as discussed, deviation from the Metro 2 format alone is insufficient to state a violation of the FCRA.

### 2. Negligence

In order to recover under a negligence theory, Plaintiff must plead and prove actual damages resulting from Experian's violation of the FCRA. 15 U.S.C. § 1681o(a)(1). Plaintiff's FCRA claim against Experian is based on his allegations that after Plaintiff disputed information in the March 2016 Credit Report, Experian failed to reinvestigate. *See* FAC ¶¶ 120-123. However, he does not allege facts showing that he suffered any damages flowing from that failure. *See id.* In opposition to Experian's motion, Plaintiff argues that "Plaintiff has paid Plaintiff's counsel several thousand dollars to reorganize and repair his credit under Chapter 13"; "Plaintiff has also incurred substantial attorney's fees in attempting to correct the inaccuracies on his credit report"; and "Plaintiff cannot [sic] and continues to be unable to apply for credit because his score remains extremely low." Pl.'s Opp. at 11, ECF 39. The Court questions whether these allegations are sufficient to plead damages recoverable under the FCRA. However, the Court need not resolve that question, as Plaintiff has not included any of these allegations in his FCRA claim against Experian.

Accordingly, the FAC is subject to dismissal on the ground that Plaintiff has failed to allege facts showing an entitlement to damages.

### C. Lack of Factual Specificity

Experian's final argument is that Plaintiff has not provided any factual basis for his allegation that Experian's response to his dispute letter was inadequate. The Court agrees.

Plaintiff alleges that after he disputed the March 2016 Credit Report, Experian was required to conduct a reasonable investigation and to delete any information that was not accurate. FAC ¶ 121. Plaintiff then claims that "Defendants were required to send all relevant information via an ACDV to the furnishers which they did not do." *Id.* ¶ 122. When a consumer disputes information on a credit report, the CRA must provide notification of the dispute to the furnisher of the information. 15 U.S.C. § 1681i(a)(2). Thus an allegation that Plaintiff disputed a particular account reported in the March 2016 Credit Report, and that Experian failed to notify the furnisher

11

of the disputed information, would state a claim under the FCRA, assuming that all other pleading requirements regarding inaccuracy and damages were satisfied. However, as discussed above, Plaintiff's allegations regarding the asserted inaccuracies in the March 2016 Credit Report do not identify any particular account or item of information from Experian. Moreover, elsewhere in the FAC Plaintiff alleges that "each CRA received Plaintiff's dispute letter and in response sent Plaintiff's dispute to each DF via an ACDV." FAC ¶ 102. Based on that allegation, it would appear that Experian *did* satisfy its notification obligations under the FCRA.

Plaintiff also alleges that Experian would have known that the furnishers' reporting of certain accounts deviated from the industry standard, but Experian did not suppress that inaccurate information. *Id.* ¶ 124-134. Plaintiff does not identify any specific errors or inaccuracies that Experian should have suppressed. Plaintiff alleges only that Experian "would have known" that "failure to report a CII given that a Chapter 13 was filed" and "reporting a past due balance post confirmation" do not comport with industry standards. These allegations are not sufficient to state a claim under 15 U.S.C. § 1681i(a)(1).

Plaintiff's conclusory allegations that "Experian failed to conduct a reasonable investigation," FAC ¶ 123,124, likewise are inadequate to state a claim under the FCRA. *See O'Connor v. Capital One, N.A.*, No. CV 14-00177-KAW, 2014 WL 2215965, at *7 (N.D. Cal. May 29, 2014) (No FCRA claim stated where plaintiff "fails to offer any factual allegations supporting his contention that Defendant's investigation of his disputed account was unreasonable").

### D.     Leave to Amend

In deciding whether to grant Plaintiff leave to amend his pleading, the Court must consider the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003). A district court ordinarily must grant leave to amend unless one or more of the *Foman* factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, and (5) futility of amendment. *Eminence Capital*, 316 F.3d at 1052. "[I]t is the consideration of prejudice to the

1  opposing party that carries the greatest weight." *Id.* However a strong showing with respect to
2  one of the other factors may warrant denial of leave to amend. *Id.*

3  The first factor (undue delay), second factor (bad faith), and fourth factor (undue
4  prejudice) do not weigh against granting leave to amend at this time, although the Court may well
5  have a different view in the event that Plaintiff's counsel fails to address the deficiencies
6  addressed herein and persists in submitting pleadings consisting primarily of copy-and-paste
7  boilerplate allegations. The third factor (failure to cure deficiencies) weighs slightly against
8  granting leave to amend, as Plaintiff previously amended his pleading. However, the present order
9  represents the first detailed guidance that Plaintiff has received from the Court. Finally, with
10 respect to the fifth factor (futility of amendment), the Court has grave reservations whether
11 Plaintiff will be able to state a viable FCRA claim against Experian. However, because it is not
12 clear that Plaintiff cannot do so, the Court will grant him leave to amend.

13 If Plaintiff chooses to amend his FCRA claim against Experian, he shall allege with
14 specificity what reporting is attributable to Experian and shall either attach a copy of each report
15 or allege the offending tradelines verbatim. Failure to do so will be deemed an admission that
16 Plaintiff is incapable of pleading specific facts giving rise to liability under the FCRA.

17 **IV.  ORDER**
18    (1)  Experian's motion to dismiss the FAC is GRANTED WITH LEAVE TO AMEND;
19    (2)  Any amended pleading shall be filed on or before April 13, 2017; and
20    (3)  Leave to amend is limited to the FCRA claim discussed in this order; Plaintiff
21         may not add new claims or parties without express leave of the Court.

23 Dated: March 23, 2017

_____
BETH LABSON FREEMAN
United States District Judge